ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| METRO HYDROELECTRIC COMPANY LLC, | ) ) ) | CASE NO. 5:06 CV 1778 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | <u>ORDER</u> |
| METRO PARKS, SERVING SUMMIT COUNTY, | ) ) ) ) | |
| Defendant. | | |

This action is before the Court upon defendant Metro Parks, Serving Summit County's Memorandum in Opposition to Jurisdiction (Doc. 10) and plaintiff Metro Hydroelectric Company LLC's Memorandum in Support of this Court's Subject Matter Jurisdiction (Doc. 11).[1]

A hearing on plaintiff's Motion for Temporary Restraining Order (Doc. 2) was held on August 2-3, 2006, at which time it appeared that an issue exists as to whether the Court has subject matter jurisdiction over the Verified Complaint (Doc. 1). The Court, therefore, issued an Order (Doc. 9) that required that the parties show cause why this case should/should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for failure to demonstrate that a substantial question of federal law is raised by the complaint. For the reasons discussed below, the Court holds that the plaintiff has established the grounds for subject matter jurisdiction in this Court.

---

[1] This memorandum was entered on the docket by counsel as a Motion to Supplement Plaintiff's Memorandum in Support of Jurisdiction. The motion is hereby granted.

The Federal Power Act (FPA), 16 U.S.C. § 791a *et seq.*, created a licensing system for hydroelectric projects proposing to utilize navigable waters or federal lands which was to be administered by the Federal Power Commission.  In 1977, the Federal Power Commission was renamed the Federal Energy Resources Commission, or the FERC.  In *Town of Springfield, Vt. v. State of Vt. Environmental Bd.*, 521 F.Supp. 243 (D.Vt. 1981), the court held that "[t]he issue of whether the Board's ruling intrudes upon the exclusive jurisdiction given to FERC under the Federal Power Act is an important federal question which plaintiffs are entitled to litigate in federal court notwithstanding the Board's own determination that its jurisdiction is concurrent with FERC jurisdiction." *Id.* at 247.

The Verified Complaint (Doc. 1) was filed in this Court on July 24, 2006.  It requests a temporary restraining order, preliminary and permanent injunctive relief, and declaratory relief.  It also alleges a state law claim for quiet title.  Plaintiff alleges that the Court has federal question and supplemental jurisdiction over the within matter.  It asserts that this Court has federal jurisdiction over the claims in this action pursuant to the provisions of the FPA, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331, as well as the Supremacy Clause, U.S. Const. art. VI, cl. 2.  According to the plaintiff, jurisdiction over the state claim is based upon 28 U.S.C. § 1367 in that the claim is substantially related to the claim under the FPA. Doc. 11 at 9.

To establish federal question jurisdiction, the plaintiff bears the burden of demonstrating that a substantial question of federal law is raised by its complaint. *Board of Painesville v. City of Painesville*, 200 F.3d 396, 398 (6th Cir. 1999) (citing *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).  However, the burden of proving federal question jurisdiction is not onerous. *Musson*, 89 F.3d at 1248 (citing *RMI Titanium Co. v.*

*Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996)). According to the plaintiff, the question raised by the Verified Complaint is whether, under the Supremacy Clause as well as the FPA, the defendant may exercise its legislative, regulatory, and police powers as a unit of government acting under color of state law to obstruct the FERC-regulated licensing process.

The Court finds that the central issue is whether the Metro Parks or any other private property owner has a right to prevent the plaintiff from coming upon their property to conduct the tests that plaintiff believes, and that the FERC has indicated, are necessary; whether the defendant has the right to keep the plaintiff off the property and prevent its entry for purposes of engaging in the testing. Stated another way, the issue is whether the plaintiff has a right, based upon the authority granted under the FPA, to enter on the property for purposes of conducting the FERC mandated studies--irrespective of whether it be a property owned by the Metro Parks or property owned by a private landowner.

Admittedly, the defendant does have the ability to do certain things that an individual landowner would not, such as call upon their park rangers to assist in preventing the plaintiff's entry. But even a private property owner would be able to prevent someone from trespassing on their property if they deemed it necessary. Therefore, the distinction between governmental/state agency, vis-a-vis the private landowner, doesn't seem to make a great deal of difference, at least at this point in the case.

It appears to the Court that in some respects, the defendant is attempting to circumvent, and is making some attempt here to try and limit, a right that the federal statutes give to individuals or companies; not over necessarily the land, but over the navigable waters. The complaint requests that the Court determine whether the defendant's refusal to be bound by the

authority of the FERC, as well as its obstruction of the FERC's licensing process is a violation of the FPA. If the plaintiff doesn't have access to the adjacent property to do the studies that the FERC requires, then the defendant is, in fact, negating what the federal law requires, *i.e.*, the right for individuals or companies to be able to determine whether a hydroelectric project, as defined at § 3(11) of the FPA, 16 U.S.C.A. § 796(11), is feasible. *See Town of Springfield, Vt. v. State of Vt. Environmental Bd.*, 521 F.Supp.at 249.

The parties are just in the study phase at present. They haven't reached a point yet where the hydroelectric project utilizing the Ohio Edison dam in the Gorge Metro Park is definitely going to go forward. So, the Court questions very strongly whether the Metro Parks has the right to exclude the plaintiff from simply entering upon the premises to conduct the studies that the FERC has required.

The Court concludes that it has federal question jurisdiction to determine whether the defendant's acts are preempted by federal law. Federal preemption forms the basis for federal question jurisdiction under 28 U.S.C. § 1331 in a suit for equitable relief. *See Board of Elec. Light Com'rs of City of Burlington v. McCarren*, 563 F.Supp. 374 (D. Vt. 1982), *aff'd*, 725 F.2d 176 (2nd Cir. 1983); *see also*, *Town of Springfield, Vt. v. McCarren*, 549 F.Supp. 1134 (D. Vt. 1982), *aff'd*, 722 F.2d 728 (2nd Cir. 1983) (table); *Stone & Webster Engineering Corp. v. Ilsley*, 690 F.2d 323 (2nd Cir. 1982), *aff'd*, *Arcudi v. Stone & Webster Engineering Corp.*, 463 U.S. 1220 (1983); *People of State of Ill. v. General Elec. Co.*, 683 F.2d 206 (7th Cir. 1982), *cert. denied*, *Hartigan v.General Elec. Co.*, 461 U.S. 913 (1983).

Moreover, federal question jurisdiction is appropriate when state law claims implicate significant federal issues. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*,

545 U.S. 308 (2005). In *Grable*, the Internal Revenue Service seized real property owned by Grable to satisfy a federal tax deficiency. Grable received notice of the seizure by certified mail before the IRS sold the property. It later brought a state law action for quiet title against the buyer of the property in state court, asserting that the buyer's record title was invalid because the IRS had conveyed the seizure notice improperly under a federal statute. The buyer removed the case to federal court. Alleging that Grable's title depended on the interpretation of a federal statutory provision, the buyer of the property invoked federal question jurisdiction under 28 U.S.C. § 1331. The Supreme Court held that the removal was proper because the federal statute's meaning was an important federal law issue that sensibly belonged in a federal court. *Id.* at 315.

The Court agrees with the plaintiff that application of the factors set forth in *Grable* and *Nicodemus v. Union Pacific Corporation*, 440 F.3d 1227 (10th Cir. 2006), to plaintiff's claims in the case at bar provide support for the exercise of federal question jurisdiction. Defendant's alleged right as a property owner is just one of the justifications the Metro Parks has offered for its actions. The Verified Complaint requires the Court to interpret the FPA, including the definition of "project" under that Act, and to determine what local legislative and regulatory acts are permitted under the Act. These are important federal issues that will benefit from the advantages inherent in a federal forum.

    IT IS SO ORDERED.

| | |
|---|---|
|  August 14, 2006 |   */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |