ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| METRO HYDROELECTRIC COMPANY LLC, | ) ) ) | CASE NO. 5:06 CV 1778 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) ) | ORDER [RESOLVING DOC. 35] |
| METRO PARKS, SERVING SUMMIT COUNTY, | ) ) ) | |
| Defendant. | ) | |

This action is before the Court upon defendant's Motion to Reconsider Case Management Plan (Doc. 35). Defendant summarily requests that the Court reconsider the Case Management Plan (Doc. 34) and adopt the discovery and motion schedule proposed by it in the Report of Parties' Planning Meeting (Doc. 33). For the reasons that follow, the motion will be denied.

Defendant contends that it is not possible for it to complete its necessary fact discovery by February 28, 2007. Other than to state that extensive discovery will be required from FirstEnergy Corp., the defendant does not articulate what discovery it proposes to do or why it would need until June 30, 2007, to complete it.

This case was filed on July 24, 2006. On August 2-3, 2006, the Court conducted a hearing on plaintiff's Motion for Temporary Restraining Order (Doc. 2). M. Clifford Phillips, an agent for the plaintiff; Christin Yanko of Hull & Associates; and Keith D. Shy,

Director-Secretary for the defendant, testified at the hearing. The Court subsequently granted the motion in part. *See* Temporary Restraining Order (Doc. 13). As a result of the Court's Order, the plaintiff was allowed to access The Gorge Metro Park property to conduct the Indiana Bat Study, the endangered plant and species survey, and the water quality use attainment and flow studies that had been approved and designed by the Federal Energy Resources Commission ("the FERC") for completion by the plaintiff as a condition of the application for licensing. *Id.* at 2. Thereafter, the plaintiff, *inter alia*, placed macroinvertebrate boxes in the Cuyahoga River to collect samples.

On September 8, 2006, the Court conducted a hearing on plaintiff's Motion for Preliminary Injunction (Doc. 2). Thomas B. Sturges of Pennsylvania Drilling; Ronald M. Kovach, Jr. of FirstEnergy Corp.; and Mr. Phillips testified at that hearing.

Defendant, by and through its counsel, has therefore cross-examined Messrs. Phillips, Sturges, and Kovach, and Ms. Yanko at the hearings held last summer. In addition, the defendant has been actively involved in the administrative process initiated by the plaintiff's application to the FERC for a license to construct and operate a hydroelectric power generation facility on the river.

Defendant declares in the within motion that at the Case Management Conference, defense counsel took exception to the Court's belief that the defendant "was dragging its feet." At the conclusion of the hearing on plaintiff's Motion for Preliminary Injunction, the Court suggested that the parties engage in discussions because some of the studies that had been approved and designed by the FERC for completion by the plaintiff are not so invasive that they cannot be conducted in an unintrusive way. The Court expressed its opinion that there ought to

2

be some agreement between the parties regarding the completion of those studies that don't dramatically impact the park. Transcript (Doc. 21) at 86.  According to the plaintiff, it was subsequently unable to collect the macroinvertebrate boxes because the defendant took the position that, since the Temporary Restraining Order had expired, plaintiff was not allowed to access The Gorge Metro Park property.  Clearly, collecting the boxes would not have dramatically impacted the park.

The FERC issued a preliminary permit to the plaintiff on March 15, 2005.  The preliminary permit gives the plaintiff an exclusive right for a three-year period to "conduct[ ] investigations and secure[ ] data necessary to determine the feasability of the proposed project and, if the project is found to be feasible, prepare[ ] an acceptable development application." Exhibit D to Complaint (Doc. 1-5) at 2.  On March 9, 2006, the FERC issued its Study Plan Determination. Exhibit H to Complaint (Doc. 1-9).  The Study Plan Determination sets forth eight studies that are a condition of the plaintiff's application for licensing.  Pursuant to the FERC's Integrated Licensing Process, the plaintiff is required to submit to the FERC by March 9, 2007, a Summary Report detailing the results of the various studies and tests described in the Study Plan Determination.

The FERC mandated studies are time-sensitive.  For instance, water samples must be taken in the spring, summer, and fall.  To determine whether any protected or endangered plants are present in the project area requires observation between June and September.  The federal Fish and Wildlife Agency has requested that the plaintiff perform the mist netting required for the Indiana Bat Study either in summer or early spring.  Park user and recreational boating surveys would be most useful in the summer, when park visitation is at its highest levels.

Moreover, after the Court entered the Temporary Restraining Order, the defendant filed a second Motion to Dismiss (Doc. 16).  Defendant argues again that the Court lacks jurisdiction over the subject matter of the Verified Complaint, which it maintains only raises issues of state law.  According to the defendant, the complaint further fails to state a cause of action upon which relief may be granted, in that it seeks to enforce an easement upon an easement (a property right not recognized in the law) or an assignment of an easement without conveyance of the dominant property.  This motion was filed despite the fact that the Court had previously held that the plaintiff has established the grounds for subject matter jurisdiction in this Court. *See* Order (Doc. 12).

Defendant does not adequately articulate what discovery it proposes to do or why it would need until June 30, 2007, to complete it.  Defense counsel has already cross-examined four of the plaintiff's witnesses at the hearings held in August and September 2006.  Moreover, the defendant has been actively involved in the process initiated by the plaintiff's application to the FERC for a license.  Finally, the studies that have been approved and designed by the FERC are time-sensitive.  Accordingly,

Defendant's Motion to Reconsider Case Management Plan (Doc. 35) is DENIED.

IT IS SO ORDERED.

 January 5, 2007                     */s/ John R. Adams*
Date                                 John R. Adams
                                     U.S. District Judge