ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| METRO HYDROELECTRIC COMPANY LLC, | ) ) ) | CASE NO. 5:06 CV 1778 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) ) | MEMORANDUM OF OPINION AND ORDER |
| METRO PARKS, SERVING SUMMIT COUNTY, | ) ) ) | [RESOLVING DOC. 39] |
| Defendant. | ) | |

This action is before the Court upon defendant's Motion to Dismiss Amended Complaint (Doc. 39) pursuant to Fed. R. Civ. P. 12(b)(1) and (6). The Court has reviewed the memorandum in support (Doc. 17-1),[1] memorandum in opposition (Doc. 26),[2] and reply memorandum (Doc. 28).

**I. Background**

After the Court denied defendant's initial Motion to Dismiss, *see* Order (Doc. 12), and entered a Temporary Restraining Order (Doc. 13), the defendant filed a second Motion to Dismiss (Doc. 16). Prior to the defendant's submission of any responsive pleading, the plaintiff amended its complaint pursuant to Fed. R. Civ. P. 15(a), which permits a plaintiff to amend its complaint "once as a matter of course at any time before a responsive pleading is served."

---

[1] Defendant incorporates all of its briefing in support of its Motion to Dismiss the Complaint (Doc. 16) without re-copying such motion and briefing into the record. *See* Doc. 39 at 1.

[2] Plaintiff adopts and incorporates its Brief in Opposition to Defendant's Motion to Dismiss (Doc. 26). *See* Brief in Opposition (Doc. 45) at 1.

Defendant has now filed a third Motion to Dismiss (Doc. 39), which requests that the Court dismiss the Amended Complaint (Doc. 37).

Defendant argues that the Court lacks jurisdiction over the subject matter of the Amended Complaint, which it maintains only raises issues of state law.  According to the defendant, the complaint further fails to state a cause of action upon which relief may be granted, in that it seeks to enforce an easement upon an easement (a property right not recognized in the law) or an assignment of an easement without conveyance of the dominant property.  The portion of the motion premised on Rule 12(b)(1) was filed again not once but twice despite the fact that the Court had previously held that the plaintiff has established the grounds for subject matter jurisdiction in this Court. *See* Doc. 12.  For the reasons that follow, the motion will be denied.

## II. Applicable Pleading Standards

In considering the typical motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993)).  If an allegation is capable of more than one inference, the Court must construe it in the plaintiff's favor. *Id.*  The Court may not grant a Rule 12(b)(6) motion merely because it may not believe a plaintiff's factual allegations. *Id.*  Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.*  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint must

allege either "direct or inferential" allegations regarding all of the material elements necessary to sustain recovery under "some" viable legal theory. *Id.*

### III. Analysis

Plaintiff seeks injunctive relief prohibiting the defendant from enforcing its Resolution 47.2006[3] and from exercising its police power to deny the plaintiff access to The Gorge Park property. Plaintiff claims to have an interest in The Gorge Park property through two instruments made exhibits to the Amended Complaint and incorporated therein by reference: 1) a reservation of rights in the 1929 Deed transferring the property to the defendant's predecessor (Ex. U (Doc. 1-22)); and, 2) a 2004 Easement Agreement, which purports to transfer the grantor's reserved rights to the plaintiff (Ex. V (Doc. 1-23)). In addition to seeking injunctive relief, the plaintiff seeks a declaratory judgment that it has a bona fide interest in the property which is enforceable against the defendant and further declaring that the defendant's actions are preempted by federal law. Defendant argues that the 2004 Easement Agreement is ineffective or otherwise not enforceable and that its rights as a property owner to deny the plaintiff access to The Gorge Park property are not preempted by federal law.

In 1929, Ohio Edison's predecessor in interest, the Northern Ohio Power and Light Company ("NOPLC" or the "Grantor") transferred by Deed, duly recorded, 144.47 acres of land to the Akron Metropolitan Park District, with its reservation of rights. This property, along with approximately ten (10) additional contiguous acres is now The Gorge Metropark. The Deed expressly reserved to NOPLC a broad set of rights allowing it to use and enjoy the property, the

---

[3]Ex. P (Doc. 1-17).

waters of the river, and the embankments for the purpose of generating hydroelectric power. The reservation of rights states in pertinent part:

> This conveyance is made subject to the following exceptions, restrictions, reservations and limitations:
>
> 1. Said grantor, . . . reserves the right *to forever maintain* its present dam, pen stock and appurtenances thereto now located upon said premises, and *the right to repair, rebuild, remodel, change or enlarge said dam, pen stock and appurtenances*, and *the right to use so much of the adjacent premises as may be necessary in the maintenance or reconstruction of said dam, pen stock and appurtenances*.
>
> 2. Said grantor, . . . reserves the full right to use so much of the premises hereinbefore described as may be necessary as a means of furnishing egress to or egress from any of grantor's property located adjacent to or surrounded by any of the premises herein conveyed; also the right *to deliver water from said dam* described in paragraph "1." hereof *to its hydraulic plant located adjacent to the land herein conveyed*.
>
> \* \* \*
>
> 4. The grantor, . . . reserves all the rights which it now possesses *to the use and flow of the waters* in the Cuyahoga River, running through and along the premises herein described, and this conveyance shall not be considered or construed as a conveyance of any of grantor's rights to use or flow of said water in said river, or the conveyance of any property right upon which its said right to the use and flow of said waters is based; *and said grantor reserves the right and easement to use so much of the banks along said river as may be necessary for the full enjoyment by it of the use and flow of said waters in said river*.
>
> \* \* \*
>
> 7. The above reservations and conditions are made not only for the benefit of the grantor, . . . , but *for its successors and assigns*.

Ex. U (Doc. 1-22) at 2-4 (emphasis added).

On September 9, 2004, Ohio Edison, as Grantor, and the plaintiff, as Grantee, entered into an Agreement entitled "Non-Exclusive Easement for the Investigation and Potential Development of Property to Produce Hydroelectric Power." Ex. V (Doc. 1-23). As stated

4

therein, the "Purpose" of the Agreement was "to permit [the plaintiff] to investigate the physical, economic and environmental feasibility of, and if feasible, then subsequently to develop, construct, operate and maintain a hydroelectric power facility using the waterway, the land on or near the waterway, and/or the existing dam located on the Property." *Id.* at 1. After reciting the various rights reserved to the Grantor in the 1929 Deed, the Agreement goes on to grant "a limited, non-exclusive easement . . . to go through, over and across *and to use any and all of the foregoing Reserved Property Rights reasonably necessary for the Purpose stated above . . . .*" *Id.* at 2 (emphasis added).

Easements are either easements appurtenant or easements in gross. The basis for the defendant's entire argument for dismissal under Rule 12(b)(6) is the conclusion that the 1929 Deed created a non-assignable easement appurtenant. "An 'easement appurtenant' arises only when its holder owns a dominant estate at the time of the creation of the easement attaches to the land it benefits. To constitute such an easement, it is necessary that there be two estates or distinct tenements--the dominant, to which the right belongs, and the servient, upon which the obligation rests." 36 Ohio Jurisprudence 3d (2006), *Easements and Licenses*, Section 11. "An easement appurtenant requires a dominant tenement to which the benefit of the easement attaches . . . and a servient tenement upon which the . . . burden rests." *Lone Star Steakhouse & Saloon of Ohio, Inc. v. Ryska*, No. 2003-L-192, 2005 WL 1538259, at ¶ 24 (Ohio App. 11 Dist. June 30, 2005).

In this case, it appears that the parties' intention--based on the express language of the Deed and the intended use of the rights created--was to grant NOPLC and its successors and assigns the right to continue the existing use and enjoyment of the property for the operation of a

5

hydroelectric power generation facility. There is nothing in either the Deed or the apparent surrounding circumstances that are now known to support even an inference that the primary purpose of the reserved rights was to benefit a dominant estate. Therefore, the Court will not apply a preference for easements appurtenant at this stage of the litigation.

Finally, on reconsideration of the prior holding that the plaintiff has established the grounds for subject matter jurisdiction in this Court, the Court adheres to its prior ruling. Defendant apparently seeks to remedy a clear legal error, or to prevent an obvious injustice. However, the movant asserts nothing new that was not already previously presented to the Court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2nd Cir. 1995) (a motion to reconsider should not be granted where the moving party seeks only to relitigate an issue already decided); *Torre v. Federated Mutual Insurance Co.*, 906 F.Supp. 616, 618 (D. Kan. 1995) ("A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments previously considered and rejected."), *aff'd*, 124 F.3d 218 (10th Cir. 1997) (table). The Court concludes that the Amended Complaint raises substantial questions of federal law.

## IV. Conclusion

For all the foregoing reasons, defendant's Motion to Dismiss Amended Complaint (Doc. 39) is DENIED. A responsive pleading shall be served on or before February 26, 2007. *See* Fed. R. Civ. P. 12(a)(4)(A).

IT IS SO ORDERED.

| | |
|---|---|
| February 20, 2007 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |