ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| METRO HYDROELECTRIC COMPANY LLC, | ) ) ) | CASE NO. 5:06 CV 1778 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) ) | <u>PRELIMINARY INJUNCTION</u> [RESOLVING DOC. 2] |
| METRO PARKS, SERVING SUMMIT COUNTY, | ) ) ) | |
| Defendant. | | |

The within matter came on for a Status Conference conducted on the record on February 20, 2007.

Plaintiff Metro Hydroelectric Company LLC's Motion for Preliminary Injunction (Doc. 2) is pending before the Court. Plaintiff moves the Court for an order prohibiting defendant Metro Parks, Serving Summit County from:

1. Denying the plaintiff access to The Gorge Metro Park property for the purposes of conducting all tests and studies mandated by the Federal Energy Resources Commission ("the FERC") in its March 9, 2006 Study Plan Determination; and

2. Enforcing its Resolution 47.2006[1] and from exercising its police power to deny the plaintiff access to The Gorge Metro Park property.[2]

---

[1] Ex. P (Doc. 1-17).

[2] Plaintiff removed its request that the temporary restraining order include permission from the Court to conduct the grading and slope stability analysis. Transcript (Doc. 8) at 29-30.

After notice to the parties, on September 8, 2006, the Court held a hearing on the motion.[3] The Court has reviewed the Amended Complaint (Doc. 37); the memorandum in support of the motion (Doc. 2); and, the memorandum in opposition (Doc. 6). The Court has also considered the exhibits and testimony of Thomas B. Sturges of Pennsylvania Drilling; Ronald M. Kovach, Jr. of FirstEnergy Corp.; and M. Clifford Phillips, an agent for the plaintiff; as well as the oral arguments of counsel offered at the hearing.

The Study Plan Determination (Exhibit H to Complaint (Doc. 1-9)) sets forth eight studies that have been approved by the FERC for completion by the plaintiff as a condition of its application for licensing, as follows:

- Aesthetic (Visual, Noise, Odors) Impact Study

- Recreation and Socioeconomic Study (Park User Survey; Recreational Boating Study; Socioeconomic Study)

- Protected Plant and Wetland Study

- Grading, Geotechnical, Slope Stability, and Erosion Evaluation Study

- Cultural Resources Survey

- Indiana Bat/Bald Eagle Study

- Aquatic Life/Use Attainment and Minimum Flow Study (Minimum Flow Study, Water Quality Study, Aquatic Habitat/Biota Study)

- CSO Impact Evaluation Work

At the conclusion of the hearing on plaintiff's Motion for Preliminary Injunction, the Court suggested that the parties engage in discussions because some of the studies that had been

---

[3]On September 21, 2006, the plaintiff filed an Amended Motion for Preliminary Injunction (Doc. 15), which was set for hearing on October 11, 2006. *See* Notice (Doc. 18). The hearing was subsequently canceled when the plaintiff withdrew the motion. *See* Notice (Doc. 23).

approved and designed by the FERC for completion by the plaintiff are not so invasive that they cannot be conducted in an unintrusive way.  The Court expressed its opinion that there ought to be some agreement between the parties regarding the completion of those studies that don't dramatically impact the park. Transcript (Doc. 21) at 86.  By letter dated February 6, 2007, the plaintiff reiterated its request to the defendant for access to The Gorge Metro Park property to conduct only the non-invasive tests mandated by the FERC.  By letter dated February 12, 2007, the defendant refused that request.  Joint Settlement Status Report (faxed to the Court on February 16, 2007) at 2, No. 3.  At the Status Conference, defense counsel stated that the Board of Park Commissioners will not permit the plaintiff to access The Gorge Metro Park property.

Four factors are important in determining whether a preliminary injunction is appropriate:  (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985).  The test is a flexible one and the factors are not prerequisites to be met, but must be balanced. *Id.* at 1229.  In balancing the four considerations applicable to preliminary injunction decisions, the Court holds that equitable relief is appropriate at this time.  Accordingly,

Plaintiff's Motion for Preliminary Injunction (Doc. 2) is GRANTED IN PART.  Plaintiff is allowed to access The Gorge Metro Park property forthwith to conduct the non-invasive tests

mandated by the FERC. The Court, however, declines at this time to give the plaintiff permission to conduct the grading and slope stability analysis.[4]

Plaintiff shall give a bond in the amount of Five Thousand Dollars ($5,000.00) as security. Fed. R. Civ. P. 65(c).

Defendant's oral Motion for a Stay of the within preliminary injunction presumably pending appeal is DENIED. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); Fed. R. Civ. P. 62(c).

IT IS SO ORDERED.

| | |
|---|---|
| February 21, 2007 | /s/ *John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |

---

[4]Plaintiff informed the Court at the Case Management Conference conducted on December 18, 2006, that it has made a request of the FERC to defer the Grading, Geotechnical, Slope Stability and Erosion Evaluation Study as a condition of the application for licensing.